UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK HUGH RICKERT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF POULSBO, a Municipal Corporation, CITY OF BAINBRIDGE ISLAND, a Municipal Corporation, DANIEL T. LAFRANCE, and JANE DOE LAFRANCE, his wife, SCOTT WEISS, and JANE DOE WEISS, his wife, ROBERT F. SMITH, and JANE DOE SMITH, his wife,<br><br>Defendants. | Case No.  C07-5477RJB<br><br>ORDER ON BAINBRIDGE ISLAND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Bainbridge Island Defendants' Motion for Summary Judgment. Dkt. 12. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed his Complaint in Kitsap County, Washington Superior Court on June 11, 2007. Dkt. 1, at 4. The action was removed to this Court on September 11, 2007. *Id*. Plaintiff's Complaint alleges that he was charged under Washington State law with hit and run injury and domestic violence after being improperly arrested and detained on June 11, 2004. *Id*. Plaintiff's Complaint alleges that he was charged with Possession of Stolen Property in the Second Degree after

ORDER
Page - 1

being improperly arrested and detained again on July 2, 2004. *Id*. He brings claims pursuant to 42 U.S.C. § 1983, and a negligence claim, arguing that he was negligently arrested and imprisoned without probable cause. *Id*.

### A.     JULY 2004 ARREST

Parties do not dispute that on or about June 10, 2004, a Honda CRX was stolen from the vicinity of SR 305. In the "Certificate of Probable Cause for Arrest Warrant," Officer Scott Weiss, under oath, reported that the car was recovered from a garage located at 19145 NE Columbia Street in Suquamish. Dkt. 15, at 15. Officer Weiss states that on June 25, 2004, he processed the stolen Honda CRX and found a Chilton's auto manual and a set of tools in the car. *Id*.

#### 1.     Investigation

Officer Weiss relates that the Suquamish police questioned Mr. Richard Belling at the Columbia Street residence and Belling stated that the stolen car was placed in the garage by Plaintiff. *Id*. Officer Weiss reports that Belling stated that Plaintiff told him that the stolen vehicle was a "parts car" for Plaintiff's own Honda CRX. *Id*.

In his sworn Declaration, Officer Weiss states that he interviewed Zelda Grace Tiemann at the Suquamish Police Department on July 2, 2004 because he was told by Suquamish Officer Smith that she had information relating to the stolen Honda CRX and Plaintiff. Dkt. 16, at 2. Officer Weiss further relates, in his sworn statement, that his July 2, 2004 "Supplemental Report" summarizes the information Tiemann gave him. Dkt. 16, at 2. The "Supplemental Report" states that Tiemann told Officer Weiss that she was at Plaintiff's condominium when Plaintiff called Belling. Dkt. 16, at 31. He reports Tiemann stated that Plaintiff told Belling he had found a car on highway 305. *Id*. She told Officer Weiss that Plaintiff wanted help stealing the car and moving it to the Columbia Street address in Suquamish. *Id*. Officer Weiss reports that Tiemann claimed to have seen the stolen car at the Columbia Street address. *Id*. He reports that she said the car was stolen by breaking the steering column loose. *Id*. Officer Weiss states that Tiemann told him that Plaintiff had a Chilton's manual for the CRX and a box of tools which Officer Weiss felt matched the description of the tools he had located in the stolen Honda CRX. *Id*. Officer Weiss reports that Tiemann then went on to discuss Plaintiff's drug use. *Id.* at 32. According to Officer Weiss's report, Tiemann alleged that she was

with Plaintiff the day before (July 1, 2004) while he used methamphetamine. *Id*. He relates her allegation that Plaintiff kept methamphetamine in baggies which he taped under the dresser or desk drawers. *Id*. He reports that she acknowledged that she was also a drug user. *Id*. The record contains a Domestic Violence No Contact Order, dated June 14, 2004, prohibiting Plaintiff from having contact with Tiemann. Dkt. 15, at 10.

Officer Weiss states that using the information that Tiemann gave him and information he had already uncovered regarding the stolen Honda CRX, he applied telephonically to Bainbridge Island Municipal Court Judge Steven Holman for a warrant to search Plaintiff's residence. Dkt. 16, at 2. The transcript of the proceedings indicates that Officer Weiss told Judge Holman that he was investigating a case involving a stolen car and interviewed Tiemann as a part of that investigation. Dkt. 15, at 64. Officer Weiss told Judge Holman the following: Tiemann stated that she and Plaintiff live together part of the time. *Id.* Tiemann claimed that Plaintiff was a methamphetamine user, and admitted that she also used methamphetamine. *Id*. Tiemann related that she saw Plaintiff smoke methamphetamine the day before from a glass pipe. *Id*. She identified several specific locations where Plaintiff would store his drugs. *Id*. Tiemann said that was present when Plaintiff arranged with Richard Belling to steal a Honda CRX. *Id.* Accord to Tiemann, the deal was that Belling agreed to help Rickert steal a CRX, if in turn Rickert would help Belling steal a Subaru so Belling could fix his broken down Subaru. *Id*. Tiemann claimed that Plaintiff had a Chilton's auto repair manual for a CRX and she described some of Plaintiff's tools. *Id*., at 64-65. Officer Weiss related to Judge Holman that when he was processing the stolen CRX, he found a Chilton's manual and some of the tools that Tiemann described. *Id*. at 65. He told Judge Holman that Tiemann said that Plaintiff's CRX is at Plaintiff's house. *Id*. Officer Weiss said he drove by Plaintiff's home, and confirmed that a CRX was in the driveway. *Id*. Officer Weiss informed Judge Holman that the warrant would be a search warrant for Methamphetamine, any drug paraphernalia, and evidence of control of the premises. *Id*. He informed the Judge that regardless of the presence of drugs, he intended to arrest Plaintiff for the stolen CRX. *Id*. The warrant was issued for the search and seizure of Methamphetamine, drug paraphernalia, and items and evidence of dominion and control of the premises. Dkt. 16, at 27.

2. <u>Search of Plaintiff's Property and his Arrest</u>

Plaintiff's residence was searched on July 2, 2004. Dkt. 16, at 4. In Officer Weiss's sworn "Supplemental Report" dated July 2, 2004, he reports that officers knocked and announced their presence at Plaintiff's residence. Dkt. 16, at 32. After no reply came, they entered Plaintiff's home by forcing the locked door. *Id.* Plaintiff was found in his bedroom. *Id.* The house and garage were searched. *Id.* In Plaintiff's bedroom, Officer Weiss reports that he located five small ziplock plastic bags inside a CD protective sleeve. *Id.* The bags contained white powder which a field test yielded a presumptive positive result for methamphetamine. *Id.* Officers also found a half-strut for a Honda CRX in the garage. *Id.* Officer Weiss reported that "[i]n looking at the underside of Rickert's CRX that was parked in the driveway, the strut that was on this car was damaged. I believe that the auto part in the garage was removed from the stolen CRX to be used on Rickert's own CRX." *Id.*

Although Plaintiff states that he "did not knowingly sign a voluntary statement," (Dkt. 35-2, at 6) the record contains a "Voluntary Statement" dated July 2, 2004. Dkt. 16, at 29. It lists Plaintiff as the reporting party. *Id.* It states that the "Chilton's Manual and tools in the stolen car at Belling's garage were mine." Dkt. 16, at 29. It states that "he was going to take car parts off of it, but [he] didn't take any." *Id.* Further it states that the "baggies [sic] found by the police were not [his]. Grace came by yesterday at [his] house, she was in the garage. She came in through the sliding glass door in the bottom floor of [his] house." *Id.*

The record also contains a "Permission to Search" form for Plaintiff's residence (1086 Ihland Pl. NE. Bainbridge Island, WA 98110), is dated July 2, 2004, and is signed. Dkt. 16, at 30. Plaintiff admits that he signed this document. Dkt. 35-2, at 6. According to the form, permission was granted for a "complete search of the premises and property, including all buildings and vehicles." Dkt. 16, at 30. Permission also included the right to take "any property, and letters, papers, materials or any other property" which the officers desire as evidence for criminal prosecution. *Id.* A hand written notation at the bottom states "recovered car parts in garage." *Id.* In Officer Weiss's "Supplemental Report" dated July 2, 2004, he related the Plaintiff signed the form to allow him to take the car part out of the garage. Dkt. 16, at 33.

1  Plaintiff was arrested and booked on motor vehicle theft, possession of methamphetamine, and
2  violation of a non-contact order. Dkt. 16, at 38.
3  On July 6, 2004, criminal charges were again brought against Plaintiff in Kitsap County,
4  Washington, cause number 04-1-01058-4. Dkt. 15, at 12. Plaintiff was charged with possession of
5  stolen property (a motor vehicle) in the second degree. *Id*.

6          3.        <u>Criminal Proceedings</u>

7  Richard Belling, Plaintiff's alleged accomplice, was charged with Possession of Stolen
8  Property in the Third Degree for the Honda CRX. Dkt. 15, at 19-25. He entered a plea of guilty to
9  the charge on September 2, 2004. *Id.*, at 26.

10 On January 12, 2005, Washington State Kitsap County Superior Court Judge Anna M. Laurie
11 denied Plaintiff's Motion for an Order Suppressing Evidence found in the July 2, 2004 search of
12 Plaintiff's residence. Dkt. 15, at 69. Plaintiff argued that the search warrant was not supported by
13 probable cause due to Tiemann's veracity. Dkt. 15 at 38. Judge Laurie's opinion considered
14 Plaintiff's argument that Officer Weiss gave Judge Holman misleading information and omitted to tell
15 him about the contentious history between the informant and Plaintiff. (Specifically, that: 1) there was
16 a domestic violence no contact order in place between the parties, 2) Tiemann made false accusations
17 against Plaintiff before, 3) she had keyed his car, and that 4) they had spent significant time together in
18 violation of the no contact order. Dkt. 15, at 70-71). Judge Laurie also considered the argument that
19 Officer Weiss intentionally omitted information about Tiemann's criminal history including convictions
20 of crimes of dishonesty and taking a motor vehicle without permission. *Id*. at 71.

21 Judge Laurie found that there was nothing in the record to support Plaintiff's assertion that
22 Officer Weiss knew of Tiemann's criminal history. *Id*. She held that Officer Weiss's failure to tell
23 Judge Holman of the no contact order did not impact the finding of probable cause. *Id.* at 72. She
24 reasoned that if Tiemann were the subject of violence by Plaintiff resulting in a protection order, her
25 statements to Officer Weiss could be argued to have additional credibility because she may be
26 exposing herself to more violence rather than just out to cause trouble, as Plaintiff alleged. *Id.* Judge
27 Laurie held that Tiemann's knowledge of the situation was reflected in her "specific identification of
28 [Plaintiff's] practices vis a vis methamphetamine: how much he bought, what he did with it, where he

ORDER
Page - 5

hid it, and where he had last used it." *Id*. Judge Laurie held that Tiemann's veracity "was reflected by her statement against interest in acknowledging use of a controlled substance and the fact that the officer identified her by name." *Id*. Further, Judge Laurie noted that Officer Weiss told Judge Holman that he had confirmed Tiemann's claims regarding the location of Plaintiff's car. *Id*. Judge Laurie rejected Plaintiff's claim that the Tiemann's information was "stale." *Id*.

On May 2, 2005, upon the State's motion, the charge of possession of stolen property against Plaintiff was dismissed without prejudice. Dkt. 15, at 78 (Order of Dismissal in Kitsap County Cause 04-1-01058-4).

### B.    PENDING MOTIONS

The Bainbridge Island Defendants move for Summary Judgment arguing that: 1) there is no municipal civil rights liability here, 2) Defendant Weiss is entitled to qualified immunity, 3) Plaintiff cannot establish a Fourth Amendment violation, 4) collateral estoppel bars the re-litigation of probable cause, 5) no Washington cause of action exists for "negligent arrest," 6) Plaintiff's false arrest claim is barred by the two year statute of limitations in RCW 4.16.100(100), and 7) Defendant Weiss is entitled to qualified immunity under state law. Dkt. 12.

Defendants City of Poulsbo, Daniel LaFrance and his marital community ("Poulsbo Defendants") also moved for Summary Judgment on October 18, 2007. Dkt. 11. Suquamish Police Officer Robert F. Smith and his marital community moved for Summary Judgment on November 19, 2007. Dkt. 25. These motions are addressed in separate orders.

Rather than filing a response to the summary judgment motions, Plaintiff filed a motion for a continuance pursuant to Fed. R. Civ. P. 56(f) on November 8, 2007. Dkt. 20. Plaintiff's attorney, Phil Mahoney, filed a Declaration in support of Plaintiffs motion to continue. Dkt. 20-3. Mr. Mohoney stated that he is defense counsel in a criminal matter in which trial began on October 11, 2007. *Id.* He stated that, due to his age, he is unable to do "all nighters" to respond to a summary judgment. *Id.* Moreover, he stated that the depositions of Daniel LaFrance, Scott Weiss, and Robert Smith were necessary to respond to the motions. *Id.* at 2. All Defendants opposed Plaintiff's motion to continue. Dkts. 21 and 22. On November 19, 2007, this Court granted the Motion to continue and renoted the motions for December 14, 2007. Dkt. 27. Parties then stipulated to another continuance

1  (renoting the motions to January 11, 2008) due to Plaintiff's counsel's trial schedule. Dkt. 32.
2  Defendants stated in the stipulation that they did not waive or modify their previously stated
3  opposition to Plaintiff initiating discovery from the three defendant police officers until after the Court
4  has ruled on the issues pertaining to qualified immunity." *Id*.

5  Plaintiff filed a Response on January 7, 2008. Dkt. 35. In responding to the Bainbridge Island
6  Defendants' collateral estoppel arguments, Plaintiff argues that collateral estoppel cannot apply here
7  on the probable cause determination because there was no final judgment in the Kitsap County actions.
8  *Id.* at 2. Plaintiff argues that defendants were not parties in the criminal cases. *Id.* Plaintiff argues
9  that the statute of limitations for Plaintiff's civil rights action is the same as Washington's personal
10 injury statute. *Id.*, at 3. Plaintiff argues that the statute of limitations has not run on either his civil
11 rights or negligence causes of action. *Id*. Plaintiff argues that he has a negligence cause of action
12 against the officers for their arrest of Plaintiff without probable cause. *Id*. Plaintiff argues that the
13 police officers have a duty not to arrest without probable cause. *Id*. Plaintiff argues that the public
14 duty doctrine does not apply. *Id*. at 4. In the Section of his brief entitled "State Qualified Immunity,"
15 Plaintiff argues that because the officers have refused to be deposed, they have not established that
16 they "followed superior's procedures." He argues whether or not they acted reasonably is a question
17 of fact which must be determined by the jury. *Id.*, at 5. Plaintiff argues under "Municipal Civil Rights
18 Liability" that "there are numerous things that impact municipal civil rights liability, but that they all
19 require discovery." *Id*. He again points out that Defendants have refused to be deposed. *Id*. Under
20 the heading "Qualified Immunity and Basis for Civil Rights Violation" Plaintiff argues that
21 "Bainbridge" and "Weiss" should have doubted Ms. Tiemann's reliability. *Id.* He then lists
22 encounters between Plaintiff, Ms. Tiemann, and the Bainbridge Island Police Department. *Id.* Plaintiff
23 points out that "Bainbridge" had on record his June 11, 2004 report (made late at night) that Ms.
24 Tiemann had stolen his car and other property three days ago. *Id*. Plaintiff challenges the reliability of
25 the search warrant. *Id*., at 7. Plaintiff argues that Officer Weiss's "declaration seems to indicate that
26 Weiss was aware of the above stolen car and alleged assault statements he never informs the issuing
27 magistrate of this." *Id.*, at 8. Plaintiff argues that the history between Ms. Tiemann and Plaintiff was
28 available to Weiss and "would cast doubt on the reliability of Tiemann as would her drug use." *Id.*, at

8. He argues that "this further illustrates the need for depositions to fairly consider the summary judgment motions." *Id*. Lastly, he states "with regard to municipal liability this points out the need for further discovery as to the methods and procedures the municipalities had in place to allow their officers to be more fully informed as to their investigations." *Id*.

The Bainbridge Defendants Reply, arguing that: 1) Plaintiff is collaterally estopped from rearguing that there was not enough probable cause to support his arrest, 2) Plaintiff's "negligent arrest" claim is frivolous, 3) Plaintiff's false arrest claim is barred by the statute of limitations, 4) Defendant Weiss is entitled to state law qualified immunity, 5) there is no basis for municipal civil rights immunity, 6) Weiss is entitled to qualified immunity. Dkt. 39.

### C. ORGANIZATION OF OPINION

First, this opinion will examine whether Plaintiff is collaterally estopped from challenging probable cause. Second, this opinion will address Plaintiff's frequent references to his need for more discovery, which the Court will construe as a second request for a continuance pursuant to Fed. R. Civ. P. 56(f).

## II. DISCUSSION

### A. COLLATERAL ESTOPPEL

The Bainbridge Defendants argue that Plaintiff is collaterally estopped from arguing that Officer Weiss did not have probable cause to arrest him due to Kitsap County, Washington Superior Court Judge Anna Laurie's decision that the warrant issued by Bainbridge Island Municipal Court Judge Stephen Holman was supported by probable cause. Dkts. 12 and 39.

"Section 28 U.S.C. § 1738 generally requires federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Haring v. Prosise,* 462 U.S. 306, 313 (1983)(*internal citations omitted*). Accordingly, federal courts generally apply the doctrine of collateral estoppel under the law of the state in which the action originated. *See e.g. Haring*, at 314-316; *See also Dowell v. City of Lynnwood,* 2007 WL 4365793 (W.D. Wash. December 11, 2007). Under Washington law, "[b]efore the doctrine of collateral estoppel may be applied, the party asserting the doctrine must prove: (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication must

have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice." *Thomson v. Department of Licensing,* 138 Wn.2d 783, 790 (1999).

In *Thomson*, a commercial truck driver challenged Washington State Department of Licensing's revocation of his driver's license after criminal charges for driving under the influence were dismissed. 138 Wn.2d 783 (1999). Applying the collateral estoppel test, the Washington Supreme Court held that the suppression of blood alcohol concentration ("BAC") test results in a prior criminal proceeding presented a collateral estoppel bar to admission of that evidence. *Id.* Analyzing the first element of the test, the Washington Supreme Court held that the issues decided in the prior criminal case were identical to those in the administrative proceedings which revoked Thomson's license. *Id.* at 791. As to the second element, the court noted that the trial court in the criminal proceeding ruled that Thomson's BAC test results should be suppressed. *Id*. at 793. The criminal matter was dismissed later, although not on the record. *Id*. The court accepted Thomson's contention that the trial court's order suppressing the BAC evidence concluded the criminal adjudication on the merits. *Id.* Turning to the third element, the court noted that the State of Washington was the Plaintiff in both the criminal case and in the administrative proceeding. *Id.* As to the final element, the court found that it would not be unjust to apply the doctrine against the State. *Id*.

Turning to the case at hand, "[t]he first part of the collateral estoppel analysis asks if the issue decided in the prior adjudication is identical with the one presented in the second action." *Thomson* at 791. As to this element, Plaintiff does not dispute that the issue decided in Judge Laurie's decision denying the motion to suppress (whether there was probable cause supporting the search warrant) is identical to the issue presented here (whether there was probable cause to arrest him). However, it appears that the probable cause to support his arrest for possession of the stolen Honda CRX vehicle may be slightly different that the evidence for his arrest for possession of methamphetamine and violation of the no contact order.

"The second part of the collateral estoppel analysis asks whether the prior adjudication ended in a final judgment on the merits." *Thomson* at 793. Plaintiff argues that collateral estoppel can not

ORDER
Page - 9

apply here on the probable cause determination because there was no final judgment in the Kitsap County action. Dkt. 35 at 2. Despite the Bainbridge Island Defendants arguments that this case is similar to the situation in *Thomson*, Plaintiff's position is well taken. In *Thomson*, the trial court in the criminal matter ordered the BAC evidence suppressed, thus rendering the State without evidence to prosecute Thomson for driving under the influence. *Thomson* at 793. The State apparently dismissed the charges because it had no evidence to establish his guilt. *Id*. Here, in contrast, Judge Laurie denied Plaintiff's motion to suppress the evidence, (Dkt. 15, at 70-71) but the State still dismissed the charges months later. Moreover, the dismissal of the criminal charges was without prejudice. Dkt. 15, at 78. The prior criminal adjudication did not end in a final judgment on the merits. *Thomson*, at 790.

As to the third part of the collateral estoppel analysis, whether the party against whom the plea is asserted is the same, or in privity with the party in the prior adjudication, Plaintiff argues that defendants here were not parties in the criminal cases. Dkt. 35, at 2. Plaintiff appears to misconstrue this element. The doctrine is sought to be applied against him, and he does not dispute that he was a party in the prior criminal action. Even if the standard was reversed, the Court cannot say that Officer Weiss was not in privity with parties in the criminal case. "Privity is established where a person is in actual control of the litigation, or substantially participates in it even though not in actual control." *Loveridge v. Fred Meyer*, 125 Wn. 759, 764 (1995). Parties do not dispute that Officer Weiss substantially participated in the prior criminal proceeding.

Washington law on the final element, whether application of the doctrine works injustice, "is most firmly rooted in procedural unfairness. Washington courts look to whether the parties to the earlier proceeding received a full and fair hearing on the issue in question." *Thomson* at 795-6. Although Plaintiff does not dispute this element, it is worthwhile to note that the dismissal of the criminal matter (even despite Judge Laurie's ruling) left Plaintiff in an unusual position. He had no motivation to appeal the order on the suppression of evidence because there was no longer any criminal charges pending against him.

In any event, Plaintiff is not collaterally barred from raising the issue of probable cause.

**B.     MOTION FOR CONTINUANCE UNDER FED. R. CIV. P. 56(f)**

Fed. R. Civ. P. 56(f) provides,

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

"A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Fancisco*, 441 F.3d 1090, 1100 (9th Cir. 2007).

To the extent that Plaintiff seeks a second continuance in order to depose Officer Weiss, Plaintiff's request should be granted. Plaintiff successfully points to reasons why he could not present facts justifying his opposition to this instant Motion for Summary Judgment. Although Plaintiff's briefing is difficult to discern, this Court cannot say that Plaintiff does not identify "specific facts that further discovery would reveal" regarding this officer, or he does not "explain why those facts would preclude summary judgment." *Tatum* at 1100. Officer Weiss alleges that "[a]t the time of the search warrant application [he] was not aware of Ms. Tiemann's alleged criminal history. Rather [he] was only aware that a law enforcement task force had considered her information provided previously to be reliable." Dkt. 16, at 3. Plaintiff points to various police reports in which Tiemann's veracity is questioned by Bainbridge Island Police Officers. Dkts. 35-3, 35-4, and 35-5. Plaintiff's request for a continuance in order to depose Officer Weiss should be granted. Plaintiff's discovery should be limited to issues solely relating to qualified immunity.

### C. CONCLUSION

This case is still in the early stages of litigation. Trial is set for November 24, 2008, and the dispositive motions deadline is August 26, 2008. Dkt. 34. Plaintiff should be permitted to engage in discovery on the issues surrounding qualified immunity. Plaintiff is not collaterally estopped from challenging probable cause. The remainder of the Bainbridge Island Defendants' Motion for Summary Judgment should be denied without prejudice pending further discovery.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- The Bainbridge Island Defendants' Motion for Summary Judgment (Dkt. 12) is **DENIED AS TO WHETHER PLAINTIFF IS COLLATERALLY ESTOPPED FROM RAISING PROBABLE CAUSE ISSUES,** and is **DENIED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 56(f) as stated above,

- Plaintiff's request for a continuance (Dkt. 35) is **GRANTED**; discovery shall be limited solely to issues of qualified immunity, and either party may supplement the record and renote the motion after such discovery.

- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 29th day of January, 2008 .

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge