1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK HUGH RICKERT, an individual,

Plaintiff,

v.

CITY OF POULSBO, a Municipal
Corporation, CITY OF BAINBRIDGE
ISLAND, a Municipal Corporation, DANIEL
T. LAFRANCE, and JANE DOE
LAFRANCE, his wife, SCOTT WEISS, and
JANE DOE WEISS, his wife, ROBERT F.
SMITH, and JANE DOE SMITH, his wife,

Defendants.

Case No.  C07-5477RJB

ORDER ON DEFENDANT
SMITH'S MOTION FOR
SUMMARY JUDGMENT

        This matter comes before the Court on Defendant Robert F. Smith and his marital

community's ("Smith Defendants") Motion for Summary Judgment. Dkt. 25. The Court has

considered the pleadings filed in support of and in opposition to this motion and the file herein.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff originally filed his Complaint in Kitsap County, Washington Superior Court on June

11, 2007. Dkt. 1, at 4. The action was removed to this Court on September 11, 2007. *Id*. Plaintiff's

Complaint alleges that he was charged under Washington State law with "hit and run injury" and

domestic violence after being improperly arrested and detained on June 11, 2004. *Id*. Plaintiff's

Complaint alleges that he was charged with Possession of Stolen Property in the Second Degree after

ORDER
Page - 1

1

2

3

4

being improperly arrested and detained again on July 2, 2004. *Id*. He alleges that the July 2004 arrest was in part based "upon evidence provided to the Bainbridge Island Police Department by Defendant Smith." *Id*. He brings claims pursuant to 42 U.S.C. § 1983, and a negligence claim, arguing that he was negligently arrested and imprisoned without probable cause. *Id*.

5

6

7

In October of 2007, Defendants City of Poulsbo, Daniel LaFrance, and his marital community, ("Poulsbo Defendants") and Defendants City of Bainbridge Island, Scott Weiss and his marital community ("Bainbridge Island Defendants") moved for summary judgment. Dkts. 11 and 12.

8

9

10

11

12

On November 19, 2007, the Smith Defendants filed a Motion for Summary Judgment arguing that: 1) Officer Smith is entitled to qualified immunity, 2) Plaintiff has failed to show that Officer Smith violated his constitutional rights when Officer Smith passed on information to another law enforcement agency regarding a stolen Honda CRX, and 3) the Bainbridge Island Defendants' obtaining a search warrant was a superseding cause in his arrest. Dkt. 25.

13

14

15

16

17

18

19

20

21

22

23

24

25

Rather than filing a timely response to the summary judgment motions, Plaintiff filed a motion for a continuance pursuant to Fed. R. Civ. P. 56(f) on November 8, 2007. Dkt. 20. Plaintiff's attorney, Phil Mahoney, filed a Declaration in support of Plaintiffs motion to continue. Dkt. 20-3. Mr. Mohoney stated that he is defense counsel in a criminal matter, in which trial began on October 11, 2007. *Id.* He stated that, due to his age, he is unable to do "all nighters" to respond to a summary judgment. *Id.* Moreover, he stated that the depositions of Daniel LaFrance, Scott Weiss, and Robert Smith were necessary to respond to the motions. *Id.* at 2. All Defendants opposed Plaintiff's motion to continue. Dkts. 21 and 22. On November 19, 2007, this Court granted the Motion to continue and renoted the motions for December 14, 2007. Dkt. 27. Parties then stipulated to another continuance (renoting the motions to January 11, 2008) due to Plaintiff's counsel's trial schedule. Dkt. 32. Defendants stated in the stipulation that they did not waive or modify their previously stated opposition to Plaintiff initiating discovery from the three defendant police officers until after the Court has ruled on the issues pertaining to qualified immunity. *Id*.

26

27

28

Plaintiff filed a Response on January 7, 2008 to "the motions for summary judgment of defendants City of Poulsbo, City of Bainbridge Island, Daniel LaFrance, and Scott Weiss." Dkt. 35. Although it is unclear, it appears that Plaintiff fails to make any arguments relevant to Officer Smith.

1   *Id.* He makes general statements regarding the need for more discovery and depositions of the named

2   defendants. *Id.*

3        Officer Smith Replies, arguing that: 1) Plaintiff fails to respond to Smith's Motion for

4   Summary Judgment:  no argument was directed at Smith's Motion nor does Plaintiff testify in his

5   Declaration to any facts in opposition to, or in any way relating to Smith, except to note that witness

6   Tiemann told Plaintiff that she had a relationship with Smith as an informant, and 2) pursuant to Fed.

7   Local R. Civ. P. 7 the Motion for Summary Judgment should be granted.

8        This opinion will first address Plaintiff's frequent references in his Response for more

9   discovery, which the Court will construe as a second request for a continuance  pursuant to Fed. R.

10  Civ. P. 56(f).  Second, this opinion will turn to the Motion for Summary Judgment.

## II.     DISCUSSION

### A.     MOTION FOR CONTINUANCE UNDER FED. R. CIV. P. 56(f)

13  Fed. R. Civ. P. 56(f) provides,

14  If a party opposing the motion shows by affidavit that, for specified reasons, it cannot
    present facts essential to justify its opposition, the court may: (1) deny the motion; (2)
15  order a continuance to enable affidavits to be obtained, depositions to be taken, or
    other discovery to be undertaken; or (3) issue any other just order.

16
    "A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts
17
    that further discovery would reveal, and explain why those facts would preclude summary judgment."
18
    *Tatum v. City and County of San Fancisco*, 441 F.3d 1090, 1100 (9th Cir. 2007).
19
20       To the extent that Plaintiff seeks a second continuance in order to depose Officer Smith,

21  Plaintiff's request should be denied.  Plaintiff fails to point to any "specified reasons" why he could not

22  present facts justifying his opposition to the Smiths' Motion for Summary Judgment.  Plaintiff does

23  not identify "specific facts that further discovery would reveal," nor does he "explain why those facts

24  would preclude summary judgment." *Tatum* at 1100.  Plaintiff's continuance request as to Officer

    Smith should be denied.
25
### B.     SUMMARY JUDGMENT STANDARD
26
27       Summary judgment is proper only if the pleadings, the discovery and disclosure materials on

28  file, and affidavits, if any, show that there is no genuine issue as to any material fact and the moving

    party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is entitled to

ORDER
Page - 3

1    judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an

2    essential element of a claim in the case on which the nonmoving party has the burden of proof.

3    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where

4    the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party.

5    *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must

6    present specific, significant probative evidence, not simply "some metaphysical doubt").  *See also*

7    Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient

8    evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing

9    versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service*

10   *Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

11          The determination of the existence of a material fact is often a close question.  The court must

12   consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a

13   preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect. Service*

14   *Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the

15   nonmoving party only when the facts specifically attested by that party contradict facts specifically

16   attested by the moving party.  The nonmoving party may not merely state that it will discredit the

17   moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the

18   claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (*citing Anderson, supra)*.  Conclusory, non specific

19   statements in affidavits are not sufficient, and "missing facts" will not be "presumed."  *Lujan v.*

20   *National Wildlife* Federation, 497 U.S. 871, 888-89 (1990).

21          **C.      FEDERAL LOCAL RULE OF CIVIL PROCEDURE 7(b)(2)**

22          Pursuant to Local Rule 7(b)(2), each party opposing a motion shall, within the time prescribed

23   in CR 7(d), file a brief in opposition to the motion, together with any supporting material.  "If a party

24   fails to file papers in opposition to a motion, such failure may be considered by the court as an

25   admission that the motion has merit."  *Id.*

26          Despite having over two months to consider the motion, Plaintiff has failed to respond to

27   Defendants Smiths' Motion for Summary Judgment.  Plaintiff mentions Officer Smith in his

28   Declaration, where Plaintiff states that in January of 2004, witness Tiemann told him that she and

ORDER
Page - 4

1   Officer Smith "had established a relationship and that she was going to work for him as an informant

2   and that he was going to assist her with whatever she wanted." Dkt. 35-6, at 3.  The Court is unable

3   to glean any additional facts from the record involving Officer Smith other than his passing along

4   information regarding a stolen Honda CRX to the Bainbridge Island Police Department.  Plaintiff has

5   failed to show that Officer Smith's assistance in that investigation in any manner violated Plaintiff's

6   federal constitutional rights.  Plaintiff has failed to allege any other facts relating to Officer Smith

7   which could give rise to a state claim under Washington law.  Defendants Smiths' Motion for

8   Summary Judgment should be granted, and he should be dismissed with prejudice.

## III.   ORDER

10   Therefore, it is hereby **ORDERED** that:

11   • Defendants Smiths' Motion for Summary Judgment (Dkt. 25) is **GRANTED**;

12   • Officer Robert F. Smith and his martial community are **DISMISSED WITH PREJUDICE**.

13   • The Clerk is directed to send uncertified copies of this Order to all counsel of record and to

14   any party appearing *pro se* at said party's last known address.

15   DATED this 29th day of January, 2008 .

ROBERT J. BRYAN
United States District Judge

ORDER
Page - 5