UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARK HUGH RICKERT, an individual,

    Plaintiff,

v.

CITY OF POULSBO, a Municipal Corporation, CITY OF BAINBRIDGE ISLAND, a Municipal Corporation, DANIEL T. LAFRANCE, and JANE DOE LAFRANCE, his wife, SCOTT WEISS, and JANE DOE WEISS, his wife, ROBERT F. SMITH, and JANE DOE SMITH, his wife,

    Defendants.

Case No. C07-5477RJB

ORDER ON POULSBO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Poulsbo Defendants' Motion for Summary Judgment. Dkt. 11. The Court has considered the pleadings filed in support of and in opposition to this motion and the file herein.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed his Complaint in Kitsap County, Washington Superior Court on June 11, 2007. Dkt. 1, at 4. The action was removed to this Court on September 11, 2007. *Id.* Plaintiff's Complaint alleges that he was charged under Washington State law with "hit and run injury" and domestic violence after being improperly arrested and detained on June 11, 2004. *Id.* Plaintiff's Complaint alleges that he was charged with Possession of Stolen Property in the Second Degree after

ORDER
Page - 1

being improperly arrested and detained again on July 2, 2004. *Id*. He brings claims pursuant to 42 U.S.C. § 1983, and a negligence claim, arguing that he was negligently arrested and imprisoned without probable cause. *Id*. The current motion, brought by Defendants City of Poulsbo, Officer Daniel T. LaFrance, and his marital community ("Poulsbo Defendants") concern Plaintiff's arrest in June of 2004.

**A.    JUNE 2004 ARREST**

On June 11, 2004, around 4:00 a.m., Zelda Tiemann called 911 and reported being hit with a vehicle by her ex-boy friend. Dkt. 13, at 2. The circumstances surrounding this event is related in the record in the form of the sworn statement of Officer Daniel T. LaFrance and the sworn Voluntary Statement Tiemann filled out for the Poulsbo Police Department and Officer LaFrance. Dkt. 13, at 2 and 7. According to Tiemann's statement, she was driving home from Seattle with a passenger, James Mabe. Dkt. 13, at 7. She relates that as they passed through Poulsbo, two vehicles began "tailgating." *Id*. Tiemann claims that she pulled onto a side road, and a blue Ford Escort passed them. *Id*. She states she recognized the driver, Rick Belling, who honked his horn and laughed. *Id*. Tiemann relates that her car was then struck by the second vehicle. *Id*. She reported that the second vehicle was a red Ford F250 pickup truck, and was driven by her ex-boy friend, Mark Rickert, Plaintiff here. *Id*. Tiemann alleges that Plaintiff chased her to the Poulsbo Police Department. *Id.* at 7-8. She states that while in the parking lot of the Poulsbo police station, she honked her horn and flashed her lights. *Id.* She alleges no one appeared, so she drove to Mabe's home and requested medical aid for him. *Id*., at 8. Mabe was taken to the hospital. *Id*.

Officer LaFrance states he recalled hearing squealing tires and a honking horn around 3:30 a.m. while at the police station on the night of June 11, 2004. Dkt. 13, at 2. He states that around fifteen minutes later, Tiemann called 911. *Id*. He states that after Tiemann related the incident with Plaintiff to him, he investigated. Dkt. 13, at 2-3. He observed physical damage to her car consistent with the collision she described. *Id*. at 2. Officer LaFrance states that he was then contacted by Officer Cain from the Bainbridge Island Police Department, who indicated that he had heard the radio communications regarding the incident. *Id*, at 3. Officer Cain told Officer LaFrance he was familiar with the parties, and located the pickup two blocks from Rickert's home, which is on Bainbridge

1
2
3
Island. *Id*. Officer LaFrance went out to Rickert's residence and observed a pickup with obvious collision damage to the front. *Id*. He noted that Plaintiff's address was the same as Tiemann's reported address. *Id.*

4
5
6
7
8
Officer LaFrance states that the following night he heard over the radio that Bainbridge Island police were dispatched to pick up Plaintiff. *Id*. Officer LaFrance called them and told them that he had probable cause to arrest Plaintiff for felony hit and run with injuries. *Id*., at 4. The Bainbridge Island police transferred custody of Plaintiff to Officer LaFrance, who took him to the Kitsap County Jail and booked him. *Id*.

9
10
11
12
13
14
Criminal charges were brought against Plaintiff on June 14, 2004. Dkt. 14, at 5-7. He was charged with Hit and Run pursuant to R.C.W. 46.52.020, and Domestic Violence pursuant to R.C.W. 10.99.020. *Id*. On October 27, 2004, the state moved for a dismissal of the charges without prejudice due to the "unavailability and/or lack of cooperation by the victims/witnesses." *Id*. at 2. Due to Tiemann and Mabe's failure to cooperate, the State felt that it "did not have the evidence it needed to proceed with trial." *Id*. at 2.

15
**B.    PENDING MOTION**

16
17
18
19
20
21
In October of 2007, the Poulsbo Defendants moved for Summary Judgment arguing that: 1) Officer LaFrance is entitled to qualified immunity, 2) there was probable cause to arrest Plaintiff for assault, hit and run, and domestic violence, 3) LaFrance is entitled to immunity under Washington's Domestic Violence statute RCW 10.99.070, 4) there is no negligence liability for law enforcement activities as a matter of law in Washington, and 5) there is no municipal liability here as a matter of law. Dkt. 11.

22
23
24
25
Defendants City of Bainbridge Island, Scott Weiss and his marital community ("Bainbridge Island Defendants"), and Defendant Officer Robert F. Smith and his marital community, also moved for Summary Judgment in October and November of 2007, respectively. Dkt. 11, and 25. (Those motions will be handled in separate orders as they deal with Plaintiff's July arrest.)

26
27
28
Rather than filing a timely response to the summary judgment motions, Plaintiff filed a motion for a continuance pursuant to Fed. R. Civ. P. 56(f) on November 8, 2007. Dkt. 20. Plaintiff's attorney, Phil Mahoney, filed a Declaration in support of Plaintiffs motion to continue. Dkt. 20-3.

1  Mr. Mohoney stated that he is defense counsel in a criminal matter in which trial began on October 11,
2  2007. *Id.* He stated that, due to his age, he is unable to do "all nighters" to respond to a summary
3  judgment. *Id.* Moreover, he stated that the depositions of Daniel LaFrance, Scott Weiss, and Robert
4  Smith were necessary to respond to the motions. *Id.* at 2. All Defendants opposed Plaintiff's motion
5  to continue. Dkts. 21 and 22. On November 19, 2007, this Court granted the Motion to continue and
6  renoted the motions for December 14, 2007. Dkt. 27. Parties then stipulated to another continuance
7  (renoting the motions to January 11, 2008) due to Plaintiff's counsel's trial schedule. Dkt. 32.
8  Defendants stated in the stipulation that they did not waive or modify their previously stated
9  opposition to Plaintiff initiating discovery from the three defendant police officers until after the Court
10 has ruled on the issues pertaining to qualified immunity. *Id*.

Plaintiff filed a Response on January 7, 2008 to "the motions for summary judgment of defendants City of Poulsbo, City of Bainbridge Island, Daniel LaFrance, and Scott Weiss." Dkt. 35. Although it is unclear, Plaintiff appears to argue, regarding Officer LaFrance and the City of Poulsbo, that: 1) the statute of limitations for Plaintiff's civil rights action is the same as Washington's personal injury statute, and that it has not run on either his civil rights or negligence causes of action; 2) he has a negligence cause of action against the officers for their arrest of Plaintiff without probable cause, 3) police officers have a duty not to arrest without probable cause, 4) the public duty doctrine does not apply, 5) in the section of his brief entitled "State Qualified Immunity," Plaintiff argues that because the officers have refused to be deposed, they have not established that they "followed superior's procedures," 6) whether or not they acted reasonably is a question of fact which must be determined by the jury, 7) under the section "Municipal Civil Rights Liability" that "there are numerous things that impact municipal civil rights liability, but that they all require discovery," 8) under the heading "Qualified Immunity and Basis for Civil Rights Violation" Plaintiff argues that the June arrest happened over twenty four hours after the incident, and so there was time to acquire an arrest warrant, 9) Officer LaFrance "can't uncritically believe whatever a person tells him and say that 'this is probable cause,'" and 10) "with regard to municipal liability this points out the need for further discovery as to the methods and procedures the municipalities had in place to allow their officers to be more fully informed as to their investigations." *Id*.

The Poulsbo Defendants Reply, arguing that: 1) they did not violate any constitutional right of Plaintiff, 2) there was probable cause to arrest Plaintiff for the June 11, 2004 collision, 3) hearsay character evidence regarding Tiemann does not destroy probable cause, 4) Officer LaFrance is entitled to qualified immunity, 5) Officer LaFrance has immunity under Washington's Domestic Violence statute, 4) there is no cause of action under Washington law for negligently arrest someone, and 5) there is no municipal liability as a matter of law. Dkt. 37.

This opinion will first address Plaintiff's frequent references to his need for more discovery, which the Court will construe as a second request for a continuance pursuant to Fed. R. Civ. P. 56(f). Second, this opinion will determine whether Officer LaFrance is entitled to qualified immunity from suit for the alleged federal constitutional violations, third, whether there is a basis for municipal liability, and lastly, whether the state claims should be dismissed.

## II. DISCUSSION

### A. MOTION FOR CONTINUANCE UNDER FED. R. CIV. P. 56(f)

Fed. R. Civ. P. 56(f) provides,

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

"A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2007).

To the extent that Plaintiff seeks a second continuance in order to depose Officer LaFrance, Plaintiff's request should be denied. Plaintiff fails to point to any "specified reasons" why he could not present facts justifying his opposition to the officer's Motion for Summary Judgment. Plaintiff does not identify "specific facts that further discovery would reveal," nor does he "explain why those facts would preclude summary judgment." *Tatum* at 1100. Plaintiff's request for a continuance in order to depose Officer LaFrance should be denied.

To the extent that Plaintiff seeks a continuance to obtain discovery materials from the City of Poulsbo, the request should be denied. Plaintiff has again failed to identify the specific facts he seeks, nor explain the relevance of those facts. Moreover, the City of Poulsbo points out that despite the fact

1 that this matter was filed over seven months ago, Plaintiff has failed to propound any discovery
2 requests to the City of Poulsbo, or seek depositions from any person other than the three named
3 officers. Dkt. 37, at 10. Plaintiff's failure to diligently engage in discovery should not be the basis for
4 a second continuance. To the extent Plaintiff seeks a continuance under Fed. R. Civ. P. 56(f) as to the
5 Poulsbo Defendants, his request should be denied.

      **B.**     **SUMMARY JUDGMENT STANDARD**

      Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

      The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (*citing Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v.*

*National Wildlife* Federation, 497 U.S. 871, 888-89 (1990).

## C. QUALIFIED IMMUNITY FOR FEDERAL CONSTITUTIONAL CLAIMS

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

"A private right of action exists against police officers who, acting under the color of state law, violate federal constitutional or statutory rights." *Jackson v. City of Bremerton*, 268 F.3d 646, 650 (9th Cir. 2001) *citing* 42 U.S.C. § 1983. "The Supreme Court has established a two-part analysis for determining whether qualified immunity is appropriate is a suit against an officer for an alleged violation of a constitutional right." *Boyd v. Benton County*, 374 F.3d 773, 778, (9th Cir. 2004), *citing Saucier v. Katz*, 533 U.S. 194, 201 (2001). A court required to rule upon qualified immunity must examine: (1) whether the officers violated the plaintiff's constitutional rights on the facts alleged and (2) if there was a violation, whether the constitution rights were clearly established. *Id.* (*internal citations omitted*).

### 1. *First Saucier Inquiry: Violation of Constitution by Officer LaFrance*

The Fourth Amendment to the United States Constitution "requires that a law enforcement officer have probable cause to arrest an individual without a warrant." *U.S. v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been or is being committed by the person being arrested." *John v. City of El Monte,* 505 F.3d 907, 910 (9th Cir. 2007) (*quoting United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir.2007)). The totality of the circumstances known to the arresting officers at the time is examined to determine if a prudent person would have concluded there was a fair probability that the defendant had committed a crime. *Id*. (*internal citations omitted*). "Probable cause is an objective standard and the officer's subjective intention in exercising his discretion to arrest is immaterial in judging whether his actions were reasonable for Fourth Amendment purposes." *Id.*, at 910-911.

On June 12, 2004, Plaintiff was arrested for violation of Washington's Hit and Run statute, pursuant to R.C.W. 46.52.020, and Domestic Violence statute pursuant to R.C.W. 10.99.020. Dkt. 14, at 5-7. The Washington hit and Run statute, R.C.W. 46.52.020(1), provides that "[a] driver of any vehicle involved in an accident resulting in the injury to or death of any person . . . shall immediately stop such vehicle at the scene of such accident." Any "driver covered by the provisions of subsection (1) . . . in the case of an accident resulting in injury is guilty of a class C felony." R.C.W. 46.52.020(4)(b). Under Washington's Domestic Violence statute, "'[d]omestic violence' includes but is not limited to any of the following crimes when committed by one family or household member against another: (a) Assault in the first degree; (b) Assault in the second degree; (c) Assault in the third degree; and (d) Assault in the fourth degree. . . ." R.C.W. 10.99.020.

Officer LaFrance had probable cause to arrest Plaintiff in June of 2004. He had "knowledge and reasonably trustworthy information sufficient to lead a person of reasonable caution to believe" Plaintiff committed felony hit and run and engaged in domestic violence contrary to Washington law. *John,* at 910. Plaintiff argues that Officer LaFrance "can't uncritically believe whatever a person tells him and say that 'this is probable cause.'" Dkt. 35, at 7. The record indicates that Officer LaFrance not only considered the statements by Ms. Tiemann, but independently confirmed several of the details of her story. He stated that around 3:30 a.m. on June 11, 2004, he was aware of a car in the parking lot of the police station. Dkt. 13, at 2. He noted that Ms. Tiemann claims that she drove to the Poulsbo Police Station after the incident between 3:00 and 4:00 a.m. and honked her horn. *Id*. After he made contact with her, he observed that the vehicle she was driving sustained damage consistent with her allegations. *Id.*, at 3. He visited the site of the alleged incident and observed pieces of tail lamp lens on the ground. *Id*. He then visited Plaintiff's home and saw a red Ford F150 with damage to the front of the vehicle. *Id*. Officer LaFrance was aware that Ms. Tiemann's passenger, Mabe, was injured and was taken to Harrison Hospital. *Id*. He noted that Plaintiff and Ms. Tiemann's addresses were the same. *Id*. Officer LaFrance stated that he had no contacts with or knowledge of Plaintiff, Tiemann, or Mabe before these events. *Id.*, at 4. Viewing the facts most favorably to Plaintiff, the totality of the circumstances known to Officer LaFrance at the time leads to the determination that a "prudent person would have concluded" that there was a fair probability that the Plaintiff here violated

Washington's Hit and Run statute and the Domestic Violence statue. *John,* at 910.

Plaintiff argues that the arrest took place over twenty four hours after the incident, and so Officer LaFrance should have acquired a warrant to arrest him. Dkt. 35, at 6. The Washington Legislature has addressed this question in R.C.W. 10.31.100, which authorizes a police officer to arrest a person without a warrant where the police officer has probable cause to believe the person has committed a felony. The record indicates that Officer LaFrance had probable cause to arrest Plaintiff for, at least, two felonies. Where "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier* at 201. Plaintiff's claim that Officer LaFrance violated his federal constitutional rights should be dismissed with prejudice.

### D.    FEDERAL MUNICIPAL LIABILITY

In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). The municipal action must be the moving force behind the injury of which plaintiff complains. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 405 (1997). Officer LaFrance had probable cause to arrest Plaintiff in June of 2004. As a municipality can not be held liable under § 1983 where no injury or constitutional violation has occurred, *Jackson* at 653, the federal constitutional claims against the City of Poulsbo should be dismissed with prejudice.

### E.    STATE CLAIMS

#### 1.    False Arrest and Imprisonment

To the extent Plaintiff makes claims for false arrest and/or unlawful imprisonment his claims should be dismissed with prejudice. Under Washington law, where an officer has probable cause to arrest a person, he has a complete defense to a claim of false arrest and unlawful imprisonment. *Hanson v. Snohomish*, 121 Wn.2d 552, 563 (1993). Moreover, under Washington law, the statute of limitations on an false imprisonment claim is two years. RCW 4.16.100(1). Plaintiff filed this action in

June of 2007, over two years after the June 2004 arrest. Dkt. 1.

2. <u>Negligent Arrest</u>

To the extent that Plaintiff argues that he has a cause of action for negligence against Officer LaFrance for arresting him in June of 2004, this claim should be dismissed. Plaintiff fails to cite any Washington authority permitting this cause of action. Moreover, Officer LaFrance had probable cause to arrest Plaintiff for felony Hit and Run, and Domestic Violence, as explained above. Washington's Domestic Violence statute provides that a police officer "shall not be held liable in any civil action for an arrest based on probable cause, enforcement in good faith of a court order, or any other action or omission in good faith under this chapter arising from an alleged incident of domestic violence brought by any party to the incident." R.C.W. 10.99.070. Accordingly, to the extent that Plaintiff makes a negligence claim against Officer LaFrance, it should be dismissed with prejudice because of the immunity afforded him by the Washington Legislature in R.C.W. 10.99.070.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Poulsbo Defendants' Motion for Summary Judgment (Dkt. 11) is **GRANTED**;
- Officer Daniel T. LaFrance, his martial community, and the City of Poulsbo are **DISMISSED WITH PREJUDICE**.
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 29th day of January, 2008 .

ROBERT J. BRYAN
United States District Judge