UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK HUGH RICKERT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF POULSBO, a Municipal Corporation, CITY OF BAINBRIDGE ISLAND, a Municipal Corporation, DANIEL T. LAFRANCE, and JANE DOE LAFRANCE, his wife, SCOTT WEISS, and JANE DOE WEISS, his wife, ROBERT F. SMITH, and JANE DOE SMITH, his wife,<br><br>Defendants. | Case No.  C07-5477RJB<br><br>ORDER ON:<br>1) PLAINTIFF'S MOTION FOR CONTINUANCE<br>2) DEFENDANT BAINBRIDGE ISLAND'S RENEWED MOTION FOR SUMMARY JUDGMENT AND<br>3) DEFENDANT BAINBRIDGE ISLAND'S MOTION FOR SANCTIONS |

This matter comes before the Court on Plaintiff's Motion for Continuance (Dkt. 48), Defendants City of Bainbridge Island, Scott Weiss, and his marital community's ("Bainbridge Island Defendants") Renewed Motion for Summary Judgment (Dkt. 45), and the Bainbridge Island Defendants' Motion for Sanctions (Dkt. 50). The Court has considered the pleadings filed in support of and in opposition to these motions and the file herein.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff originally filed his Complaint in Kitsap County, Washington Superior Court on June 11, 2007. Dkt. 1, at 4. The action was removed to this Court on September 11, 2007. *Id*. He brings

ORDER
Page - 1

claims pursuant to 42 U.S.C. § 1983 and a negligence claim, arguing that he was negligently arrested and imprisoned without probable cause on two different occasions. *Id*.

### A.    JUNE 11, 2004 ARREST

Plaintiff's Complaint alleges that he was charged under Washington State law with "hit and run injury" and domestic violence after being improperly arrested and detained on June 11, 2004. *Id*. Plaintiff's Complaint alleges that the City of Poulsbo, Officer Daniel LaFrance, and unnamed members of the Bainbridge Island Police Department were involved in this arrest. *Id.*

The facts surrounding Plaintiff's June 2004 arrest are recited in the January 29, 2008 Order Granting the City of Poulsbo, Officer Daniel LaFrance, and his marital community's ("Poulsbo Defendants") Motion for Summary Judgment. Dkt. 43, page 2, lines 6-28, page 3, lines 1-14. Those facts are adopted and incorporated here. Plaintiff's claims against the Poulsbo Defendants have been dismissed with prejudice. Dkt. 43.

### B.    JULY 2004 ARREST

Plaintiff's Complaint alleges that he was charged with Possession of Stolen Property in the Second Degree after being improperly arrested and detained again on July 2, 2004. Dkt.1, at 4. He alleges that the City of Bainbridge Island and Officer Scott Weiss made the July 2004 arrest. *Id*. He alleges that the July 2004 arrest was also, in part, based "upon evidence provided to the Bainbridge Island Police Department by Defendant Smith." *Id*. The events surrounding the July 2, 2004 arrest are recounted in the January 29, 2008 Order Granting Plaintiff's Motion to Continue the Bainbridge Island Defendants' Motion for Summary Judgment. Dkt. 41, at page 2, beginning with line 4, to page 6, lines 1-8. Those facts are adopted and incorporated herein.

On January 29, 2008, Officer Robert F. Smith and his marital community's Motion for Summary Judgment was granted and Plaintiff's claims against them were dismissed with prejudice. Dkt. 42.

### B.    PENDING MOTIONS

In October of 2007, the Bainbridge Island Defendants moved for summary judgment. Dkt. 12. The Bainbridge Island Defendants' Motion for Summary Judgment was continued twice pursuant to Fed. R. Civ. P. 56 (f), (Dkts. 27 and 41), and once due to the stipulation of the parties (Dkt. 32). On

May 8, 2008, the Bainbridge Island Defendants renewed their Motion for Summary Judgment. Dkt. 45. The Motion for Summary Judgment was noted for consideration on June 6, 2008. *Id*. They argue that: 1) there is no municipal civil rights liability here, 2) Officer Weiss is entitled to qualified immunity, 3) Plaintiff cannot establish a Fourth Amendment Violation, 4) collateral estoppel bars the re-litigation of probable cause, 5) No cause of action in Washington exists for "negligent arrest," 6) Plaintiff's false arrest claim is barred by the two year statute of limitations, and 7) Officer Weiss is entitled to state law qualified immunity. Dkt. 45

On June 2, 2008, Plaintiff filed a Motion for Continuance (Dkt. 48) and his Response to Motion for Summary Judgment (Dkt. 49). Plaintiff argues in his Response that collateral estoppel does not operate as a bar here because there was no final judgment in the Kitsap County, Washington Superior Court actions. Dkt. 49, at 2. Plaintiff argues that the statute of limitations has not run on either his civil rights or negligence causes of action. *Id*. Plaintiff argues that he has a negligence cause of action against the officers for their arrest of Plaintiff without probable cause. *Id*. Plaintiff argues that the police officers have a duty not to arrest without probable cause. *Id*. Plaintiff argues that the public duty doctrine does not apply. *Id*. at 3-4. Plaintiff argues under "Municipal Civil Rights Liability" that "there are numerous things that impact municipal civil rights liability." *Id*. at 5. He argues that a "short continuance to obtain an expert witness should be granted . . . as Plaintiff has been indigent, the Defendants' expert's opinion (Carlos Martinez) needs examination by another expert and it would help the Court to examine the matter." *Id.* Under the heading "Qualified Immunity and Basis for Civil Rights Violation" Plaintiff argues that "Bainbridge" and "Weiss" should have doubted Ms. Tiemann's reliability. *Id.* He then lists encounters between Plaintiff, Ms. Tiemann, and the Bainbridge Island Police Department. *Id.* Plaintiff points out that "Bainbridge" had on record his June 11, 2004 report (made late at night) that Ms. Tiemann had stolen his car and other property three days ago. *Id*. Plaintiff argues that the "City should have had policies in place so that officers could check on such things and Weiss should have been alerted to those things he didn't already know from Ms [sic] Tiemann's other statements to him of criminal behavior." *Id*., at 6. Plaintiff argues that Officer Weiss's "declaration seems to indicate that Weiss was aware of the above stolen car and alleged assault statements he never informs the issuing magistrate of this." *Id.*, at 7. Plaintiff argues that the

history between Ms. Tiemann and Plaintiff was available to Weiss and "would cast doubt on the reliability of Tiemann as would her drug use." *Id.* Plaintiff argues that the Motion for Summary Judgment should be denied, or, in the alternative, delayed while the Plaintiff obtains an expert. *Id.*

Plaintiff seeks a continuance in order to get the opinion of an expert in the field of police misconduct. Dkt. 48-3. In support of his Motion to Continue, Plaintiff attaches the Declaration of Phil Mahoney, his trial counsel. Dkt. 48-3. In that Declaration, counsel states that after deposing Officer Weiss, he contacted Plaintiff to inform Plaintiff that, "as his retainer had been exhausted," counsel would need additional money to "obtain expert analysis to support [the] opposition to summary judgment." Dkt. 48-3, at 2. Counsel's Declaration continues,

> Mr. Rickert indicated to me that he is currently unemployed and does not have sufficient assets to come up with the money immediately. However, he stated to me that his health care provider, Kitsap Mental Health, had indicated that they may be willing to loan him the money. At Mr. Rickert's request, I composed and faxed a letter to Jennifer Drake of Kitsap Mental Health on May 29, 2008. I have not yet received a response from Kitsap Mental Health.

*Id.*

The Bainbridge Island Defendants filed a Reply to the Response to Motion for Summary Judgement, arguing that: 1) Plaintiff's "negligence" claim is really a false arrest claim which is barred by the two year statute of limitations, 2) there is no cause of action for "negligent arrest" in Washington, 3) the City has no municipal Civil Rights Act liability, 4) Officer Weiss is entitled to qualified immunity, and 5) no fourth amendment violation occurred. Dkt. 51. The Bainbridge Island Defendants also oppose a fourth continuance of their Motion for Summary Judgment. Dkt. 50. They argue that the motion for continuance is frivolous, and request sanctions be imposed against Plaintiff for forcing them to respond to the motion for a continuance. *Id.*

### C.     OPINION ORGANIZATION

This opinion will first address Plaintiff's Motion for a Continuance, (Dkt. 48), which the Court will construe as a third motion pursuant to Fed. R. Civ. P. 56(f). Second, this opinion will turn to the Bainbridge Island Defendants' Motion for Sanctions (Dkt. 50), and finally the Bainbridge Island Defendants' Motion for Summary Judgment (Dkt. 45).

## II.     DISCUSSION

A. **MOTION FOR CONTINUANCE UNDER FED. R. CIV. P. 56(f) AND MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 56(g)**

Fed. R. Civ. P. 56(f) provides,

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

"A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Fancisco*, 441 F.3d 1090, 1100 (9th Cir. 2007).

Plaintiff's motion for a third continuance, in order to obtain an expert opinion in the field of police misconduct, funded by a loan from a county mental health clinic, (Dkt. 48), should be denied. Plaintiff has made no showing that he is likely to acquire the funding or the expert opinion. A delay to obtain the opinion of this expert is unjustified. Moreover, Plaintiff fails to point to any "specified reasons" why he could not present facts justifying his opposition to the Bainbridge Island Defendants' Motion for Summary Judgment. Plaintiff does not identify "specific facts that further discovery would reveal," nor does he "explain why those facts would preclude summary judgment." *Tatum* at 1100. Plaintiff's request for a continuance in order to depose an expert in the field of police misconduct should be denied.

To the extent that Plaintiff seeks a continuance to obtain discovery materials from the City of Bainbridge Island, the request should be denied. Plaintiff has again failed to identify the specific facts he seeks, nor explain the relevance of those facts. Moreover, the City of Bainbridge Island points out that despite the fact that this matter was filed approximately a year ago, Plaintiff has failed to propound any discovery requests to the City of Bainbridge Island, or seek depositions from any person other than the three named officers. Dkt. 50, at 2. Plaintiff's failure to diligently engage in discovery should not be the basis for a third continuance pursuant to Fed. R. Civ. P. 56(f). Plaintiff's Motion for a Continuance (Dkt. 48) (the fourth continuance including the parties' stipulation) should be denied.

The Bainbridge Island Defendants move for sanctions pursuant to Fed. R. Civ. P. 56(g). Dkt. 50. Fed. R. Civ. P. 56(g) provides, in relevant part, that: "if satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other

1 party the reasonable expenses, including attorney's fees, it incurred as a result."

2 There is no evidence in the record that the Motion for a Continuance, or any of the
3 declarations in support thereof, were made in bad faith. Clearly, Plaintiff sought additional time, but
4 the evidence in the record is insufficient to show that the Motion for a Continuance or declarations
5 were made "solely for delay." The Bainbridge Island Defendants' motion for sanctions (Dkt. 50)
6 should be denied.

7 **B.   SUMMARY JUDGMENT STANDARD**

8 Summary judgment is proper only if the pleadings, the discovery and disclosure materials on
9 file, and affidavits, if any, show that there is no genuine issue as to any material fact and the moving
10 party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to
11 judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an
12 essential element of a claim in the case on which the nonmoving party has the burden of proof.
13 *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where
14 the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party.
15 *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must
16 present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also*
17 Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient
18 evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing
19 versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service*
20 *Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

21 The determination of the existence of a material fact is often a close question. The court must
22 consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a
23 preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service*
24 *Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the
25 nonmoving party only when the facts specifically attested by that party contradict facts specifically
26 attested by the moving party. The nonmoving party may not merely state that it will discredit the
27 moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the
28 claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (*citing Anderson, supra*). Conclusory, non specific

statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife* Federation, 497 U.S. 871, 888-89 (1990).

### C. COLLATERAL ESTOPPEL

This Court has already ruled that Plaintiff is not collaterally estopped from challenging the probable cause supporting the search warrant and July 2004 arrest. Dkt. 41, at 8-10. To the extent the Bainbridge Island Defendants reargue this issue, the Court will construe the argument as a motion for reconsideration.

Local Fed. R. Civ. P. 7(h) provides, in relevant part, as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Bainbridge Island Defendants have failed to show that there was a "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." To the extent that the Bainbridge Island Defendants move the Court to reconsider the January 29, 2008 decision on collateral estoppel, (Dkt. 41, at 8-10), the motion should be denied.

### D. QUALIFIED IMMUNITY FOR FEDERAL CONSTITUTIONAL CLAIMS

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The immunity is "immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

"A private right of action exists against police officers who, acting under the color of state law, violate federal constitutional or statutory rights." *Jackson v. City of Bremerton*, 268 F.3d 646, 650 (9th Cir. 2001) *citing* 42 U.S.C. § 1983. "The Supreme Court has established a two-part analysis for determining whether qualified immunity is appropriate in a suit against an officer for an alleged violation of a constitutional right." *Boyd v. Benton County*, 374 F.3d 773, 778, (9th Cir. 2004), *citing Saucier v. Katz*, 533 U.S. 194, 201 (2001). A court required to rule upon qualified immunity must examine: (1) whether the officers violated the plaintiff's constitutional rights on the facts alleged and

(2) if there was a violation, whether the constitution rights were clearly established. *Id.* (*internal citations omitted*).

          1.    *First Saucier Inquiry:  Violation of the Constitution by Officer Weiss*

The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  Probable cause supports issuance of the warrant here if Officer Weiss's testimony at the hearing before Bainbridge Island Municipal Court Judge Steven Holman, considered  "in a non-technical, common sense, and realistic manner provided a substantial basis for concluding there was a fair probability that evidence of a crime would be found" at Plaintiff's home.  *Skoog v. County of Clackamas*, 469 F.3d 1221, 1230 (9th Cir. 2006).  Where a § 1983 plaintiff challenges the issuance of a warrant based upon the assertions or omissions of the officer applying for that warrant, courts in the Ninth Circuit apply the rule announced in *Franks v. Delaware*, 438 U.S. 154 (1978).  *Liston v. County of Riverside*, 120 F.3d 965, 972 (9th Cir. 1997)(noting the "*Franks* standard, although developed in a criminal context, also defines the scope of qualified immunity in civil rights actions").  "*Franks* established a criminal defendant's right to an evidentiary hearing when he made a showing of deliberate or reckless disregard for the truth in a search warrant affidavit and demonstrated that but for the dishonesty, the affidavit would not support a finding of probable cause."  *Id*. (*citing Franks* at 171-72).  The burden a plaintiff must meet in order to survive a defendant police officer's motion for summary judgment on the ground of qualified immunity is that the plaintiff must: "1) make a substantial showing of deliberate falsehood or reckless disregard for the truth, and 2) establish that, but for the dishonesty, the challenged action would not have occurred." *Id.,* at 973 (*internal citations omitted*).  "Whether the alleged judicial deception was brought about by material false statements or material omissions is of no consequence." *Id.*

          a.    <u>Deliberate Falsehood or Reckless Disregard for the Truth</u>

Plaintiff fails to point to any evidence in the record that Officer Weiss's testimony included deliberate falsehoods to the Magistrate Judge who issued the warrant.   To the extent that Plaintiff argues that Officer Weiss recklessly disregarded the truth in relating Ms. Tiemann's veracity and statements to the Magistrate Judge, his arguments fail.  Plaintiff argues that Officer Weiss should have

known that Ms. Tiemann's statements were not reliable due to her criminal history. Dkt. 49, at 5-7. Plaintiff argues that Officer Weiss should have doubted Ms. Tiemann's veracity based upon encounters between Plaintiff, Ms. Tiemann, and the Bainbridge Island Police Department. *Id.* However, Plaintiff points to no evidence in the record that Officer Weiss was aware of her alleged criminal history or the alleged domestic violence incidents involving Plaintiff, Ms. Tiemann, and the Bainbridge Island Police Department. (Plaintiff argues that the domestic violence incidents show that Ms. Tiemann not only had incentive to "get back" at Plaintiff, but show that Ms. Tiemann had a history of being less than truthful with the police. *Id.*) Officer Weiss states that "at the time of the search warrant application, [he] was not aware of Ms. Tiemann's alleged criminal history. Rather, [he] was only aware that a local law enforcement narcotics task force had considered information provided by her to be reliable." Dkt. 46, at 2-3. Officer Weiss acknowledged that he did know, at the time of the warrant application, that there was a protective order in place between Plaintiff and Ms. Tiemann, but did not "mention that fact to the Magistrate [Judge], as it did not seem relevant to the crime being investigated - a drug crime." *Id*. This Court agrees with the analysis of the Kitsap County Superior Court in regard to the issue of whether not disclosing the existence of the protective order was relevant here. That Court reasoned that if Ms. Tiemann were the subject of violence by Plaintiff resulting in a protection order, her statements to Officer Weiss could be argued to have additional credibility because she may be exposing herself to more violence rather than just "out to cause trouble," as Plaintiff alleged. Dkt. 15, at 69. In any event, Plaintiff has failed to "make a substantial showing" that Officer Weiss's testimony included a "deliberate falsehood" or that he showed a "reckless disregard for the truth" in the information he gave or omitted to give the Magistrate Judge when applying for the warrant. *Liston*, at 973.

        b.   <u>Issuance of the Warrant</u>

Plaintiff has not shown that Officer Weiss had knowledge, other than the existence of the contact order, that he did not reveal to the Magistrate Judge. Even if Plaintiff had shown that not disclosing the no contact order was a "reckless disregard for the truth," Plaintiff has not shown that "but for" Officer Weiss not telling the Magistrate Judge about the existence of the no contact order, that the warrant would not have issued. *Liston*, at 973. The evidence in the record shows that Officer

Weiss independently confirmed several aspects of Ms. Tiemann's story. For example, Officer Weiss knew that Mr. Belling reported to other police officers that he and Plaintiff were the ones that took the Honda CRX. Dkt. 15, at 15. Officer Weiss knew that a Chilton's auto manual and certain tools were found in the stolen Honda, which matched Ms. Tiemann's description of them. *Id*. Officer Weiss independently confirmed that Plaintiff had a Honda CRX. Moreover, Ms. Tiemann's truthfulness was supported by her specific knowledge of Plaintiff's drug use: how much he would buy, how he used it, where he hid it, when he last used it, etc. Ms. Tiemann acknowledged using methamphetamine with Plaintiff, and so made a statement against her own interest to a police officer, further enhancing her veracity. Taken as a whole, the Magistrate Judge had "a substantial basis for concluding there was a fair probability that evidence of a crime would be found" at Plaintiff's home. *Skoog* at 1230. Plaintiff has not shown that "but for" non-disclosure of the no contact order, the warrant would not have issued.

        2.  *Conclusion on Federal Constitutional Claims Against Officer Weiss*

Plaintiff has been given several opportunities to show that there are facts in dispute as to whether Officer Weiss violated his Fourth Amendment rights. Plaintiff has failed to meet his burden under Fed. R. Civ. P. 56. The Bainbridge Island Defendants have shown that the warrant leading to the July 2, 2004 arrest was supported by probable cause. Where "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier* at 201. Plaintiff's claim that Officer Weiss violated his federal constitutional rights should be dismissed with prejudice.

  **E.  FEDERAL MUNICIPAL LIABILITY FOR EITHER THE JUNE 2004 ARREST OR JULY 2004 ARREST**

In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). The municipal action must be the moving force behind the injury of which plaintiff complains. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 405 (1997).

Plaintiff has not shown that there is evidence in the record that Officer Weiss violated his federal constitutional rights regarding the July 2, 2004 arrest, as discussed above. As a municipality can not be held liable under § 1983 where no injury or constitutional violation has occurred, *Jackson* at 653, the § 1983 claims surrounding the July 2, 2004 arrest against the City of Bainbridge Island should be dismissed with prejudice.

This Court has already held that there was probable cause to arrest Plaintiff on June 11, 2004, and that Plaintiff's constitutional rights were not violated during that arrest. Dkt. 43. The record shows that Officer Hemion, of the Bainbridge Island Police Department, arrested Plaintiff on June 11, 2004, after Defendant Officer LaFrance, of the Poulsbo Police Department, contacted him and told him that he had probable cause to believe Plaintiff had committed a felony hit and run. Dkt. 13, at 3-4. No claims are asserted against Officer Hemion. Although it is unclear, to the extent Plaintiff makes a § 1983 claim against the City of Bainbridge Island for the June 11, 2004 arrest, it should also be dismissed with prejudice as no constitutional violation occurred. *Jackson* at 653.

**F.     STATE CLAIMS**

       1.     <u>False Arrest and Imprisonment</u>

To the extent Plaintiff makes claims against the Bainbridge Island Defendants for false arrest and/or unlawful imprisonment his claims should be dismissed with prejudice. Under Washington law, where an officer has probable cause to arrest a person, he has a complete defense to a claim of false arrest and unlawful imprisonment. *Hanson v. Snohomish*, 121 Wn.2d 552, 563 (1993). As discussed above, Plaintiff has failed to show that there are issues of fact as to whether there was probable cause to support his arrest without a warrant in June of 2004. Plaintiff has failed to show that there are issues of fact as to whether there was probable cause to support the warrant leading to his arrest in July of 2004. Accordingly, Plaintiff's claims for false arrest and/or unlawful imprisonment against the Bainbridge Island Defendants should be dismissed with prejudice.

       2.     <u>Negligent Arrest</u>

To the extent that Plaintiff argues that he has a cause of action for negligence against Officer Weiss for applying for a search warrant and then arresting him in July of 2004, this claim should be dismissed. To the extent that Plaintiff makes a negligence claim against the City of Bainbridge Island

for the circumstances surrounding either his June 2004 arrest or his July 2004 arrest, it should be dismissed. Plaintiff fails to cite any Washington authority permitting such a cause of action. Moreover, the June 2004 arrest and July 2004 warrant and arrest were supported by probable cause, as explained above. Accordingly, to the extent that Plaintiff makes a negligence claim against the Bainbridge Island Defendants, it should be dismissed with prejudice.

### G. OTHER MATTERS

The remaining claims in this case are the City of Poulsbo, Officer Daniel LaFrance, and his marital community's counterclaims against Plaintiff. Parties are reminded that the scheduling order (Dkt. 34) still applies. Provided, however, that if those Defendants do not wish to proceed, they should advise the Court forthwith.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiffs' Motion for Continuance (Dkt. 48) is **DENIED**;
- Defendants City of Bainbridge Island, Scott Weiss, and his marital community's Motion for Sanctions (Dkt. 50) is **DENIED**;
- Defendants City of Bainbridge Island, Scott Weiss, and his marital community's Renewed Motion for Summary Judgment (Dkt. 45) is **GRANTED**;
- Plaintiff's claims against the City of Bainbridge Island, Scott Weiss, and his marital community are **DISMISSED WITH PREJUDICE**.
- The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 10th day of June, 2008.

*(signature)*
ROBERT J. BRYAN
United States District Judge

ORDER
Page - 12